**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VIRGIL J. WINSTON,

Defendant-Appellant.

No. 06-3399
(D.C. No. 06-CR-20005-JWL-ALL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

---

Defendant Virgil J. Winston was found guilty after a jury trial of one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He received an enhanced sentence of 235 months' imprisonment as an Armed Career Criminal under U.S.S.G. § 4B1.4 and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 924(e)(2)(B). He appeals from his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A brief overview of the evidence is sufficient. On March 10, 2005, Kansas City, Kansas, police officers executed a search warrant at the residence Mr. Winston shared with Sara DeWeese and their daughter. The officers found two loaded pistols in a bedroom dresser drawer that also contained several personal items belonging to Mr. Winston, as well as some items belonging to Ms. DeWeese. The officers also found some ammunition in a closet and another pistol inside a bag in the garage.

Mr. Winston denied to police that the weapons belonged to him. Ms. DeWeese testified at trial that the weapons in the bedroom dresser belonged to her, not to Mr. Winston, but she had told the police on the day after the search that she was aware of only one weapon in the dresser, and it belonged to Mr. Winston. She testified that she put the ammunition in the closet, but the bag in the garage belonged to Mr. Winston. DNA testing on the weapons was inconclusive.

Mr. Winston argues on appeal that: (1) the evidence was insufficient to support the verdict; (2) his prior conviction for second degree burglary is not a crime of violence under U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e)(2)(B), and therefore could not support the sentence enhancement; (3) his prior conviction for distribution of cocaine, when the sentence was eight years' imprisonment, is not a

serious drug offense under U.S.S.G. § 4B1.4 and 18 U.S.C. § 924(e)(2)(B), and therefore could not support the sentence enhancement; and (4) the district court relied on certain facts to increase his sentence that were not proved to the jury beyond a reasonable doubt, in violation of *United States v. Booker*, 543 U.S. 220 (2005).

Mr. Winston's counsel concedes that issues two through four are without merit, but explains that he included them in the brief at Mr. Winston's request to preserve his appellate rights. Aplt. Br. at 14, 16, 17-18. We have undertaken an independent review of the record and agree that these issues are without merit and do not warrant discussion. As to Mr. Winston's remaining issue,

> [w]e review sufficiency of the evidence claims de novo, asking only whether, taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find [Mr. Winston] guilty beyond a reasonable doubt.

*United States v. Allen*, 235 F.3d 482, 492 (10th Cir. 2000) (quotations omitted). Viewing the evidence in the light most favorable to the government, the verdict was amply supported by the evidence.

Mr. Winston's pro se motion for appointment of new counsel is denied.

Mr. Winston's pro se motion for leave to proceed on appeal without prepayment of costs or fees is denied as moot.

AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge